```
      IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


THE TRAVELERS HOME AND,      )
MARINE INSURANCE COMPANY     )
                             )
    Plaintiff,               )
                             )       CIVIL ACTION NO.
    v.                       )        1:12cv307-MHT
                             )            (WO)
CHARLES E. JONES; et al.,    )
                             )
    Defendants.              )
```

OPINION

Plaintiff Travelers Home and Marine Insurance Company brought this lawsuit seeking a declaratory judgment against defendants Charles E. Jones, Charles H. Jones, Penny Jones, Douglas Wells, Vicki Wells, Misty Wells, Ronald Ratchford, Rebecca Ratchford, Terry James Johnson, and two minors, H.W. and R.R.  The jurisdiction of this court has been invoked pursuant to 28 U.S.C. § 1332 (diversity).

This matter is now before the court on Travelers Home and Marine's motions for entry of default judgment against the Joneses (Charles E., Charles H., and Penny).

In those motions, the insurance company asks this court to enter a judgment declaring that the Joneses are afforded no coverage, in two respects, under a policy with the insurance company as to injury claims that have been brought against them in state court: first, that the insurance company does not have a duty to indemnify with regard to the state-court action; and, second, that the insurance company does not have a duty to defend with regard to the state-court action.

As for the second matter (Travelers Home and Marine's non-duty to defend in the state-court action), the court will grant the motions. By order entered on June 22, 2012, this court gave the Joneses until July 9, 2012, to show cause as to why the motions for entry of default judgment should not be granted. They failed to respond within the time allowed. Default judgment is therefore due to be entered against them with respect to the insurance company's non-duty to defend in the state-court action.

However, as for the first matter (Travelers Home and Marine's non-duty to indemnify), the court declines to issue the requested declaratory judgment.  The record does not show that the underlying state-court case against the Joneses has resulted in any of them being held liable. Rather, "[the defendants] could prevail in the underlying lawsuit.  With this result, the issue of whether [the insurance company] must indemnify [the defendants] would be moot, and the court would never have to reach the issue. ... For these reasons, the court concludes that the issue of indemnification is not sufficiently ripe to present a 'case' or 'controversy' and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief." Auto-Owners Ins. Co. v. Toole, 947 F. Supp. 1557, 1566 (M.D. Ala. 1996) (Thompson, J.).  In short, because the Joneses have not yet been held liable and there is no telling whether they will be held liable,

deciding whether they have a claim against their insurance company for speculative liability is premature. To the extent that Travelers Home and Marine's motions seek default judgment in that regard, the motions will be denied.

***

Accordingly, the court will grant Travelers Home and Marine's motions for default judgment to the extent the insurance company seeks a judgment declaring that it does not have a duty to defend with regard to the underlying state-court action; the court will deny the motions to the extent the insurance company seeks a judgment declaring that it has no duty to indemnify.

DONE, this the 25th day of March, 2013.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE