IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
THE TRAVELERS HOME AND,      )
MARINE INSURANCE COMPANY     )
                             )
    Plaintiff,               )
                             )        CIVIL ACTION NO.
    v.                       )          1:12cv307-MHT
                             )              (WO)
CHARLES E. JONES; et al.,    )
                             )
    Defendants.              )
```

OPINION AND ORDER

It is ORDERED that:

(1) Plaintiff Travelers Home and Marine Insurance Company's alternative motion to stay (doc. no. 59) is granted to the extent that this case is stayed as to the no-duty-to-indemnify claim against all defendants. Should this declaratory-judgment action become ripe for adjudication, as set out in this opinion, Travelers may move to have this court lift the stay.

(2) Plaintiff Travelers Home and Marine Insurance Company's no-duty-to-defend claim against all defendants, except defendants Charles E. Jones, Charles H. Jones, and

Penny Jones, appears to be still pending and is thus not stayed.

***

One of the remaining issues in this case is Travelers's no-duty-to-indemnify claim regarding a pending state-court lawsuit. Travelers contends that, regardless of the ultimate outcome of the state-court lawsuit, the insurance company has no duty to indemnify anybody involved. As the insurance company recognizes, this court has refused to decide insurance disputes like this one before because "[the defendants] could prevail in the underlying lawsuit. With this result, the issue of whether [the insurance company] must indemnify [the defendants] would be moot, and the court would never have to reach the issue.... For these reasons, the court concludes that the issue of indemnification is not sufficiently ripe to present a 'case' or 'controversy.'" Auto-Owners Ins. Co. v. Toole, 947 F. Supp. 1557, 1566

2

(M.D. Ala. 1996) (Thompson, J.); see also <u>Nationwide Ins. v. Zavalis</u>, 52 F.3d 689, 693 (7th Cir. 1995) ("the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying lawsuit").

Travelers contends that that result should not follow because this court should instead adopt the approach taken in <u>Harleysville Mut. Ins. Co. v. Dapper, LLC</u>, 2010 WL 2925779 (M.D. Ala. July 21, 2010) (Moorer, M.J.). In that case, the court began by noting that no-duty-to-defend and no-duty-to-indemnify claims brought by insurance companies are analytically distinct, and, there, the former was ripe for adjudication while the latter was not. <u>Id</u>. at 3-4. But, because the substantive analysis required to resolve the ripe claim likewise resolved the unripe claim, the court elected to decide the unripe claim anyways. <u>Id</u>. at 8. In other words, the court decided the unripe claim because doing so was ancillary to another matter properly before the

court.  However, no such circumstances are present here. While the court has issued a judgment regarding Travelers's no-duty-to-defend claim, that judgment was merely a default one and it did not require the court to engage in any substantive analysis.  In short, Harleysville is inapposite and that case does not stand for the proposition that courts should elect to adjudicate unripe claims regardless of the circumstances. The other case Travelers cites, Evanston Ins. Co. v. Lett, 2012 WL 4927958 (S.D. Ala. Oct. 15, 2012) (Steele, J.), is no more availing.

    Because Travelers's no-duty-to-indemnify claim is unripe, this court will not decide it now.  Morever, because this lawsuit has been brought under the Declaratory Judgment Act and because the court has discretion under that statute to resolve a matter, the court will exercise its discretion to decline resolving the claim.  See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) (because there is "nothing automatic or

obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action," a district court is authorized in the sound exercise of its discretion to stay or dismiss an action seeking a declaratory judgment before trial) (citation omitted).

In the interest of judicial economy, this case should be stayed instead of dismissed so that, should the no-duty-to-indemnify claim become ripe, it is unnecessary to file a new complaint, serve the parties again, and otherwise take those steps needed to begin a lawsuit.

DONE, this the 7th day of June, 2013.

                                                     /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE